[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on May 6, 1979. By complaint dated August 27, 1998, the Wife instituted this action seeking a dissolution of the marriage, alimony, child support, custody, a division of the parties property, a portion of the proceeds of the Husband's pending personal injury action and such other relief as the Court deems just and proper.
Two children were born, issue of the marriage. One of those children, Sarah Venditti born August 16, 1990, remains under the age of eighteen. Additionally, the Wife had a son born prior to the marriage, who was adopted by the Husband.
The Court heard extensive testimony regarding the conduct of both parties during the course of the marriage. The Court finds that neither party is free from fault.
The Court finds that residence requirements have been satisfied and that neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders.
 ORDERS
DISSOLUTION OF MARRIAGE
A decree dissolving the marriage is hereby entered on the grounds of irretrievable breakdown.
ALIMONY
CT Page 7627
The Wife shall pay to the Husband the sum of $100.00 per week for six (6) months from the date hereof. Said amount shall be non-modifiable. Said term of six (6) months is non-modifiable except the alimony shall end sooner upon the happening of any of the following events: the death of the Husband; the death of the Wife; co-habitation by the Husband, as defined by statute; the Husband obtaining a full time job; the Husband obtaining weekly disability payments and/or worker's compensation payments; a plaintiffs verdict or settlement of the Husband's pending personal injury suit.
CUSTODY/VISITATION
Sole custody of the minor child, Sarah, is awarded to the Wife subject to the right of reasonable, liberal and flexible visitation to the Husband. In the event the parties are unable to agree on a visitation schedule, the issue of visitation shall be referred to the Family Relations Division of the Superior Court in Bridgeport for mediation.
The parties shall confer on all major decisions concerning the minor child. However, in the event the parties are unable to agree, the final decision shall rest with the Wife.
In the event the Wife decides to move out of the State of Connecticut, she shall give the Husband not less than ninety (90) days written notice of her intention to relocate. In the event the Husband intends to challenge the Wife's right to move out of state with the child, he shall file an appropriate motion with the court not more than thirty (30) days from the receipt of the Wife's written notice. The Superior Court of the State of Connecticut shall retain jurisdiction to determine any and all issues pertaining to the child arising from such intended move.
CHILD SUPPORT
As the Husband is currently unemployed and is not receiving disability or worker's compensation payments, no child support is ordered at this time. However, the Husband is ordered to make reasonable efforts to obtain full time employment. Within 48 hours of obtaining employment the Husband shall so notify the Wife. The obligation of the Husband to pay child support in compliance with the Child Support Guidelines shall begin from the date the Husband receives his first full week's pay check. CT Page 7628
In the event the Husband remains unemployed but begins to receive weekly disability and/or worker's compensation payments (or obtains a retroactive lump sum check for same) he shall so notify the Wife within 48 hours of the receipt of such payment. The obligation of the Husband to pay child support shall be in compliance with the Child Support Guidelines and shall begin from the date of his receipt of the first weekly disability or worker's compensation payment or the date he receives a lump sum retroactive disability or lump sum worker's compensation payment. In the event the Husband receives a lump sum retroactive disability or lump sum retroactive compensation payment the husband shall make a lump sum child support payment based on the number of weeks covered by said lump sum payment all in accordance with the Child Support Guidelines.
The Husband's obligation to pay child support shall end when the child attains the age of eighteen (18), becomes emancipated, dies or upon the death of the Husband. whichever event first occurs. However, if the child has attained the age of eighteen (18) and is a full time high school student, such payments shall continue until such time as the child completes the twelfth grade or attains the age of nineteen (19), whichever occurs first.
The parties shall equally share the cost of Sarah's dance lessons. In addition, should Sarah elect to attend summer camp, the parties shall equally share the cost of same.
MEDICAL INSURANCE
The Wife shall maintain the minor child on her medical/dental insurance as available to her through her employment. If such insurance becomes unavailable to her, then the Husband shall maintain the child on his medical/dental insurance if available to him through his employment. If neither party has medical/dental insurance available to them through their employment, then the parties shall equally share the cost of such insurance. The obligation of the parties to maintain medical/dental insurance for the benefit of the minor child shall continue until such time as the child attains the age of eighteen (18), becomes emancipated or dies, whichever shall first occur. However, if said child has attained the age of eighteen (18) but is a full time high school student, such insurance coverage shall continue until the child completes the twelfth grade or attains the age of nineteen (19), whichever event occurs first. CT Page 7629
Any uncovered or unreimbursed medical and/or dental expenses for the child shall be divided equally between the parties, for so long as the parties are required to maintain medical/dental insurance benefits on behalf of the minor child. For purposes of this paragraph the unreimbursed medical/dental expenses shall be defined as "all reasonable medical, optical, surgical and reasonable nursing expenses and the cost of prescriptive drugs and all unreimbursed dental expenses, including orthodontia expenses."
Neither party shall contract for any extraordinary medical expenses on behalf of the minor child without first consulting with the other, except in cases of emergencies. "Extraordinary medical expenses" for the purpose of this paragraph shall be defined as elective surgery, psychiatric and psychological counseling and or treatment, and non-medical healing arts. Consent to such treatments shall not be unreasonably withheld.
The Wife shall make every effort to assist the Husband in obtaining COBRA benefits under her medical insurance at the expense of the Husband.
LIFE INSURANCE
Each party shall maintain a life insurance policy in the face amount of $50,000.00. Each party shall name the other as trustee for the primary beneficiary, the minor child, Sarah, until such time as said child attains the age of eighteen (18), becomes emancipated or dies, whichever event occurs first. However, if said child has attained the age of eighteen (18) but is a full time high school student, such coverage shall continue until the child completes the twelfth grade or attains the age of nineteen (19) whichever occurs first.
 DIVISION OF ASSETS
MARTIAL RESIDENCE
Within 60 days of the dissolution of the marriage (June 1, 1999) the Wife may elect to pay the Husband the sum of $15,375.00 for his one-half interest in the martial residence (said amount being one half of the equity based on the stipulated value of the house, less the first mortgage and a 5% real estate commission). The Husband shall, immediately upon receipt of said payment, CT Page 7630 provide the Wife with a quit claim deed of his interest in the property. Thereafter, the Wife shall indemnify and hold harmless the Husband regarding the repayment of the current first mortgage, property taxes and all other costs incident to the property.
If the Wife is unable or unwilling to comply with the above terms, then the Husband may elect to pay the Wife the sum of $15,375.00. The Wife shall, immediately upon receipt of said payment, provide the Husband with a quit claim deed for her interest in the property. Thereafter, the Husband shall then indemnify and hold harmless the Wife regarding the repayment of the current first mortgage, property tax and all other costs incident to the property.
If the Husband is unable or unwilling to make said payment within 90 days from the date hereof, then the property shall immediately (on the ninety-first day after the date of the dissolution) be listed with a real estate broker for sale. The net proceeds of the sale, after all normal closing costs, shall be divided equally between the parties.
The Wife shall retain the exclusive possession of the martial home until the Husband purchases her interest in the property as provided above or until the property is otherwise sold.
PENSIONS/IRA/401K
The Wife shall transfer to the Husband a one third (1/3) interest in her Legg Mason IRA and a one third (1/3) interest in her Orion Capital 401K. The transfers shall be without any tax consequences to either party. In the event a QDRO is required to effectuate the above, the parties shall cooperate in the drafting and acceptance of the QDRO and the cost of the preparation of the QDRO shall be divided equally between the parties.
PERSONAL INJURY SUIT
The Husband is the plaintiff in a personal injury law suit pending in the Waterbury Superior Court arising from a car accident which occurred on January 24, 1993. The net proceeds of said action, if any, shall be divided between the parties as follows: two-thirds of the net proceeds to the Husband and one-third of the net proceeds to the Wife. For the purposes here of "net proceeds" shall be the gross proceeds less the costs of CT Page 7631 suit, attorneys fees and reimbursement for medical expenses.
WORKER'S COMPENSATION CLAIM
The Husband has a pending a Worker's Compensation claim arising from an injury he sustained in 1998. The Husband shall retain all of the proceeds from same, except as articulated under the child support portion of these orders.
BANK ACCOUNTS
Any remaining jointly held bank accounts shall be divided equally between the parties.
AUTOMOBILES
The Husband shall retain his interest in the 1987 Porsche 924. The Wife shall transfer to the Husband her interest in the 1989 Lincoln Continental, the 1986 Ford Taurus and the 1988 Mercury Cougar. The Wife shall sign the documentation to transfer title of said vehicles to the Husband within thirty (30) days of the date of the dissolution. The Husband shall be responsible for the balance of the secured loans, personal property taxes, car insurance, car registration and any transfer fees associated with said vehicles.
In the event the Wife exercises her right hereunder to purchase the Husband's interest in the marital home, then, and in that event, the Husband shall immediately remove said vehicles from said premises. In the event the marital home must be sold, as provided herein, the Husband shall remove said vehicles from said premises no later than ninety days from the date hereof.
The Wife shall retain exclusive possession of the 1998 Nissan Ultima.
PERSONAL PROPERTY
The parties shall divide their personal property located in the marital home to their mutual satisfaction. In the event they are unable to agree on the distribution of the personal property, then, in that event the resolution of these mailers shall be referred to the Family Relations Division of the Superior Court in Bridgeport for mediation. In the event mediation in unsuccessful, the parties shall return to the Court for a CT Page 7632 determination of the issue.
DIVISION OF LIABILITIES
Each party shall be responsible for one half of the repayment of the debt to People's Bank MasterCard in the total amount of $5,621.00. Should one of the parties default in the payment of their one-half obligation hereunder then the defaulting party shall indemnify and hold harmless the other in connection with said loan.
The parties shall be solely responsible for the debts listed on their respective financial affidavits, except as stated herein.
COUNSEL FEES
Each party shall be responsible for their own attorney fees.
TAX RETURNS
The plaintiff Wife shall be entitled to claim the minor child as a tax exemption on all future tax filings commencing with her 1999 tax return.
The parties have filed joint tax returns during their marriage. In the event there is an audit by the Internal Revenue Service or by the State of Connecticut Department of Revenue Services and said audit results in an assessment for underpaid taxes, then, and in that event, the party whose income was under-reported shall be responsible for the payment of said assessment and any related interest and penalties and shall indemnify and hold harmless the other party for said debt.
NOTICES
All notices required under this judgment shall be by first class mail, postage prepaid and certified return receipt.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
FRANKEL, J. CT Page 7633